Compiler

**IN THE SUPERIOR COURT OF GUAM**

TUMON PARTNERS, L.L.C., )   Civil Case No. CV f499-09
                       )
              Plaintiff,  )
       v.               )
                       )
                       )   **DECISION AND ORDER**
HEE K. CHO,,            )   re: Motion to Dismiss for Failure to
                       )   Prosecute
              Defendant,  )

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on November 1, 2011. Plaintiff was represented by Attorney Jacques G. Bronze. The Defendant was represented by Attorney Thomas P. Keeler. After considering the matter presented, the court now issues the following decision and order granting the Defendant's motion to dismiss for failure to prosecute.

## BACKGROUND

This matter arises out of a complaint for damages filed by the Plaintiff on October 5, 2009. A timely answer to the complaint was filed and served by the Defendant on October 30, 2009. Defendant filed the instant motion on November 3, 2010, claiming the Plaintiff has taken no substantive steps to prosecute its claims for the past year.

## DISCUSSION

When prosecuting an action, the rule is that a plaintiff is required to act with reasonable diligence. *Moore v. Telfon Communications Corp.*, 589 F.2d 959, 967 (9th Cir. 1978) (citing *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)). According to the G.R.C.P. Rule 41(b), when a plaintiff fails to "prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the plaintiff." *Santos v. Carney*, 1997 Guam 4 ¶ 5.

Since the G.R.C.P. does not define when a "failure to prosecute" is appropriate under Rule 41(b), this jurisdiction looks to the Ninth Circuit's five-factor test to make such a determination: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Santos,* 1997 Guam 4 ¶ 5 (quoting *In re Eisen,* 31 F.3d 1447, 1451 (9th Cir. 1994)).

The first two factors, the public's interest in expeditious resolution of litigation and docket management, are ordinarily considered together. *Santos,* 1997 Guam 4 ¶ 5 (citing *In re Eisen,* 31 F.3d 1447, 1452 (9th Cir. 1994)). The record reflects that with the exception of minimal attempts to negotiate a settlement in late 2009, over a year has passed with nothing having been done by the Plaintiff to move this case along. Plaintiff claims that the parties are involved in a separate litigation ("Shin litigation") and the Defendant requested this case be delayed in order for the parties to jointly litigate in the Shin litigation. The court has expended time and resources to hold hearings, however, Plaintiff's case has not advanced much towards resolution. With that said, the first two factors weigh in favor of dismissal.

Next, the court considers the third factor. The burden is on the plaintiff to show that the delay is reasonable, and that the defendant is not prejudiced by the delay. *Santos,* 1997 Guam 4 ¶ 5. If there is a reasonable excuse for the inaction, which there is not in this case, then the burden shifts to the defendant who must then demonstrate prejudice. *Id.* Late answers may be excused where there is no showing of prejudice to the defendant. *Draper v. Coombs,* 792 F.2d 915, 924-25 (9th Cir. 1987). In the present case, Plaintiff has failed to meet its burden, therefore, the court presumes the Defendant was prejudiced. Presumed prejudice is sufficient to support a dismissal under GRCP 41(b). *Santos* at ¶ 8. The court finds that the third factor also favors dismissal.

The fourth factor stresses the need for courts to resolve cases on the merits. *Santos,* 1997 Guam 4 ¶ 9. However, the public policy of determining cases on their merits should not be used defensively as a shield by a passive plaintiff who has failed in his obligation to prosecute the defendants with the vigor expected of a plaintiff. *Id.* The court finds that this factor would ordinarily weigh against dismissal, not only because it is important to dispose of the merits of Plaintiff's claim, but because it advances public policy that individuals should be responsible and accountable for payment of services received. However, the court is in a unique position of foresight because, even now, Plaintiff has continued to allow its case to remain at a standstill.

After applying the Rule 41(b) test, and weighing such factors as the courts have interpreted them, this motion to dismiss is granted. Plaintiff has failed to meet its burden as to establishing the reasonableness for the delay, and the Defendants have sufficiently showed prejudice arising from such delay.

## CONCLUSION

For the reasons stated herein, the court **GRANTS** Defendant's motion to dismiss for failure to prosecute.

SO ORDERED, this _2_ day of _Feb_ 2012.

Original Signed By:
HON. MICHAEL J. BORDALLO

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing
is a ...................... copy of the
............................ of the
............................ of Guam
.......................

FEB 0 2 2012

Page 3 of 3

